UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**MELVIN ELLIOTT**                                    **CASE NO. 2:22-CV-04159**

**VERSUS**                                            **JUDGE JAMES D. CAIN, JR.**

**ALLSTATE VEHICLE & PROPERTY**                       **MAGISTRATE JUDGE LEBLANC**
**INSURANCE CO**

## MEMORANDUM RULING

Before the court is a Motion to Dismiss [doc. 27] filed pursuant to Federal Rule of Civil Procedure 25 by defendant Allstate Vehicle & Property Insurance Company ("Allstate"). The motion is regarded as unopposed.

### I.
### BACKGROUND

This suit arises from property damage to plaintiff's home in Hurricane Laura and Hurricane Delta. At all relevant times, plaintiff alleged, the property was insured under a homeowner's policy issued by Allstate. Plaintiff further alleged that Allstate failed to timely or adequately compensate him for his covered losses. He filed suit in this court on August 25, 2022, raising claims of breach of contract and bad faith against the defendant under Louisiana law. Doc. 1.

On May 10, 2024, plaintiff's counsel advised the defense that plaintiff had passed away nearly three months ago and that counsel was in the process of confirming who had the authority to negotiate a settlement. Doc. 27, att. 2. Since that time, however, the defense

has received no update from plaintiff's counsel and the court has received no motion to substitute. *Id.*

In the meantime, the court issued an Order for Administrative Closure due to the case's inactivity. Doc. 25. On October 21, 2024, over eight months after plaintiff's death and five months since the last update from plaintiff's counsel, Allstate moved to reopen the case. Doc. 29. It also filed this motion to dismiss the matter under Federal Rule of Civil Procedure 25 because more than 90 days have passed since it was notified of plaintiff's death. Docs. 27. No response was filed within the court's deadline. The motion is therefore regarded as unopposed.

## II.
## LAW & APPLICATION

Federal Rule of Civil Procedure 25 provides that, if a party dies during the pendency of an action and the claim is not extinguished, the court may order substitution of the proper party on motion by any party or by the decedent's representative. Fed. R. Civ. P. 25(a)(1). "If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." *Id.* at 25(a)(2). Before this 90-day clock can begin to run, however, the suggestion of death "must be served on parties in accordance with Rule 5 and on non-parties in accordance with Rule 4" in accordance with Rule 25(a)(3). *Sampson v. ASC Indus.*, 780 F.3d 679, 683 (5th Cir. 2015). Although Rule 25(a)(3) does not specify the non-parties to be served, "most courts have construed Rule 25(a) as imposing a general obligation on the noticing party to serve notice upon a deceased party's successor or representative." *In re Taxotere (Docetaxel) Prods. Liab. Litig.*, 2024

WL 4680530, at *2 (E.D. La. Nov. 5, 2024) (quoting *Najor v. Plaquemines Clay Co., LLC*, 2020 WL 13888746, at *2 (E.D. La. July 17, 2020)).

Allstate provides that its counsel "received email notification of a statement of death from prior counsel for the deceased plaintiff" but does not indicate whether the plaintiff's successor or estate representative was ever served in accordance with Federal Rule of Civil Procedure 4. Doc. 27, att. 2. Such service is required "even where it is difficult to determine who the personal representative is," and service on the decedent's former counsel "will not suffice as service on the estate." *Sampson*, 780 F.3d at 681. "Neither Rule 25 nor *Sampson* suggests that service is not required when there is no succession opened or when a defendant is not provided notice of who the decedent's successor is." *Webb v. Town of St. Joseph*, 2016 WL 2726648, at *1 (W.D. La. May 9, 2016) (WALTER, J.). Accordingly, Allstate has not shown that the 90-day window to substitute a new plaintiff has expired and there is no basis for dismissing the matter under Rule 25 at this time.

### III.
#### CONCLUSION

For the reasons stated above, the Motion to Dismiss [doc. 27] will be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on the 15th day of November, 2024.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**