UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **MELVIN ELLIOTT** | **CASE NO. 2:22-CV-04159** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **ALLSTATE VEHICLE & PROPERTY INSURANCE CO** | **MAGISTRATE JUDGE LEBLANC** |

## MEMORANDUM RULING

Before the court is a second Motion to Dismiss [doc. 38] filed pursuant to Federal Rule of Civil Procedure 25 by defendant Allstate Vehicle & Property Insurance Company ("Allstate"). The motion is regarded as unopposed.

I.
BACKGROUND

This suit arises from property damage to plaintiff's home in Hurricane Laura and Hurricane Delta. At all relevant times, plaintiff alleged, the property was insured under a homeowner's policy issued by Allstate. Plaintiff further alleged that Allstate failed to timely or adequately compensate him for his covered losses. He filed suit in this court on August 25, 2022, raising claims of breach of contract and bad faith against the defendant under Louisiana law. Doc. 1.

On May 10, 2024, plaintiff's counsel advised the defense that plaintiff had passed away nearly three months ago and that counsel was in the process of confirming who had the authority to negotiate a settlement. Doc. 27, att. 2. In the meantime, the court issued an Order for Administrative Closure due to the case's inactivity. Doc. 25. On October 21,

2024, over eight months after plaintiff's death and five months since the last update from plaintiff's counsel, Allstate moved to reopen the case. Doc. 29. It also filed an unopposed motion to dismiss the matter under Federal Rule of Civil Procedure 25 because more than 90 days have passed since it was notified of plaintiff's death. Doc. 27. The court denied the motion because there was no indication whether the plaintiff's successor or estate representative had been served, as required by Rule 25. Docs. 33, 34.

In January 2025, plaintiff's counsel moved to withdraw and attached proof of his unsuccessful efforts to contact plaintiff's family members over the preceding six weeks. Doc. 36. That motion is pending before the magistrate judge. Meanwhile, Allstate now brings a second Motion to Dismiss under Federal Rule of Civil Procedure 25. Doc. 38. In support it shows that Gregory Elliott, son of plaintiff and executor of his estate, accepted a certified letter on March 25, 2025, notifying him of the suit and potential for dismissal. Doc. 38, atts. 2–4.

## II.
## LAW & APPLICATION

Federal Rule of Civil Procedure 25 provides that, if a party dies during the pendency of an action and the claim is not extinguished, the court may order substitution of the proper party on motion by any party or by the decedent's representative. Fed. R. Civ. P. 25(a)(1). "If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." *Id.* at 25(a)(2). Before this 90-day clock can begin to run, however, the suggestion of death "must be served on parties in accordance with Rule 5 and on non-parties in accordance with Rule 4" in accordance with

Rule 25(a)(3). *Sampson v. ASC Indus.*, 780 F.3d 679, 683 (5th Cir. 2015). Although Rule 25(a)(3) does not specify the non-parties to be served, "most courts have construed Rule 25(a) as imposing a general obligation on the noticing party to serve notice upon a deceased party's successor or representative." *In re Taxotere (Docetaxel) Prods. Liab. Litig.*, 2024 WL 4680530, at *2 (E.D. La. Nov. 5, 2024) (quoting *Najor v. Plaquemines Clay Co., LLC*, 2020 WL 13888746, at *2 (E.D. La. July 17, 2020)).

Under Federal Rule of Civil Procedure 4(e)(1), an individual "may be served in a judicial district of the United States by . . . following state law for serving a summons in an action brought in the courts of general jurisdiction in the state where the district court is located or where service is made." The Louisiana long-arm statute provides that a non-resident may be served by certified mail. La. R.S. 13:3204(A). Allstate has shown that Mr. Gregory Elliott is the executor of the estate of plaintiff Melvin Elliott. Doc. 38, att. 4. He received on March 25, 2025, a letter from Allstate's counsel stating in relevant part:

> I am counsel for Allstate Vehicle and Property Insurance Company who is a defendant in a lawsuit which involved your father, Melvin Elliott. I am placing you on notice, as the executor of his Will and Succession, that barring any further appropriate action being taken in the Federal proceeding, "*Melvin Elliott v. Allstate Vehicle and Property Insurance Company*", Civil Action No. 2:22-cv-4159 [. . .] within 90 days from the date of this notification, the lawsuit will be dismissed pursuant to Federal Rule of Civil Procedure 25.

Doc. 38, att. 2, p. 1. The letter suffices to note the death by referencing Mr. Gregory Elliott's role as executor of his father's estate. More than 90 days have passed since it was served on him and no action has been taken in this court. Accordingly, the suit must now be dismissed for failure to substitute a new plaintiff for the decedent.

## III.
### CONCLUSION

For the reasons stated above, the Motion to Dismiss [doc. 27] will be **GRANTED** and this suit will be **DISMISSED WITH PREJUDICE** under Federal Rule of Civil Procedure 25(a).

**THUS DONE AND SIGNED** in Chambers on the 13th day of August, 2025.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**